UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>INGE F.E. REYES, BERNIE REYES,<br><br>Defendants. | Case No. 2:15-cv-02666-TLN-AC<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendants Bernie Reyes and Inge F.E. Reyes' ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendants' Motion to Proceed in Forma Pauperis is GRANTED, and the Court hereby remands the action to the Superior Court of California, County of Solano, due to lack of subject-matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 7, 2015, Plaintiff Federal National Mortgage Association ("Plaintiff") brought an action against Defendants for possession of the real property known as 1008 Tyler Street, Fairfield, California ("the Property"). (Notice of Removal, ECF No. 1 at 6.) The Complaint alleges that Defendants were the foreclosed upon owners of the Property and continued to occupy the Property despite having no ownership or possessory interest in the Property. (ECF No. 1 at 6–

8.) Plaintiff asserts that Defendants were served a "Notice to Occupant(s) to Vacate Premises" and continue to occupy the property. (ECF No. 1 at 8.)

On December 24, 2015, Defendants filed a Notice of Removal removing this unlawful detainer action from the Solano County Superior Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendants removed this case to this Court on the basis of federal question jurisdiction. (ECF No. 1-1.) Defendants argue only that "the procedural requirements for removal are satisfied." (ECF No. 1 at 1.) Defendants cite no statute or case law to support their assertion. Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482

U.S. at 386. The instant Complaint does not state claims under any other federal law. The state court complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law and not under federal law. Thus, this action does not arise under federal law and no other grounds for federal jurisdiction are apparent. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV. CONCLUSION

Thus for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is GRANTED, and the Court hereby remands this action to the Superior Court of California, County of Solano.

IT IS SO ORDERED.

Dated: January 6, 2016

Troy L. Nunley
United States District Judge